37032, 37057. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY *v.* UNITED STATES CASUALTY COMPANY *et al.;* and *vice versa.*

DECIDED FEBRUARY 27, 1958.

*Bloch, Hall, Groover & Hawkins, Charley J. Bloch,* for plaintiff in error.

*Memory, Barnes.& Memory, Blalock & Blalock, Martin, Snow, Grant & Napier, Gibson & Maddox,* contra.

FELTON, Chief Judge. Assuming but not deciding that the uncertainty and insecurity now added to the petition by amendment was not within the limits of the former decision the rationale of the former decision still controls this case, and the court erred in allowing the amendments over proper and timely objections. We held before that all the rights of the parties under the insurance contract and other agreements were fixed at the time of the collision between the train and the dirt-moving machine and that the plaintiff was not in a position of having to take some action which might jeopardize its position. The latter part of this ruling is still true with reference to the allegations of the amendments even if the first part is obviated by amendment. The railroad's contention might possibly have some merit if it were true that the insurance company could contest any settlement made within the policy limits on the sole ground that the amount of the settlement was too high, or to state it another way, an unreasonably high amount. It is true that many of the decided cases state that the insurer in such a case, (where coverage is denied) is bound to pay a reasonable amount paid by its insured in settlement of a claim. 49 A.L.R. 2d 694. Various terms are used in the decisions, such as, reasonable settlement, reasonable and just settlement, fair and reasonable, reasonable and in good faith, reasonable and prudent. We think that the gravamen of the basis of an attack on a settlement made by an

insured in a case like this is that it was made in bad faith, and that such is the meaning of the cases on the subject. Whether this is what the cases mean or not that seems to be the rule in New York and some other States and we think that such a rule is adequate, just and sound. Krasilovsky Bros. Trucking Corp. v. Maryland Casualty Co., 54 N.Y.S. 2d 60. See cases, 49 A.L.R. 2d 694. In the settlement of a damage action such as the one here involved there are many elements to be considered, only one of which is the amount of the settlement. When an insurer denies coverage and absolutely refuses to defend an action against an insured, when it could do so with reservation of its rights as to coverage, the legal consequence of such refusal is that it waives the provisions of the policy against a settlement by the insured and becomes bound to pay the amount of any settlement made in good faith plus expenses and attorneys' fees. The amount of the settlement might be absolutely immaterial, in and of itself, and can become material only if as a sole consideration it is so excessive and exorbitant as to show bad faith or if it, in conjunction with other facts in the case, shows that the settlement was made in bad faith. In this view the railroad at this time is in no worse position than it would be if the policy had provided that the railroad had the right to make a settlement in good faith, so since the railroad is in the same position without a declaration of its rights as it would be if the coverage was indisputable, and the policy provided that the insured could settle the case in good faith, there is no need for a declaration of its rights as to the matter of reasonableness of the amount of settlement. In any event a settlement made in bad faith could be contested. This question is the only new one made by the amendments and, together with the decision in the former case, what is said above seems to cover the questions involved.

The foregoing ruling on the cross-bill is decisive of the issues involved and consideration of the main bill would be superfluous.

The court erred in allowing the amendments.

*Judgment in Case No. 37057 reversed. Writ of error in Case No. 37032 dismissed. Quillian and Nichols, JJ., concur.*