43936. WYNN v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

ARGUED SEPTEMBER 6, 1968—DECIDED SEPTEMBER 30, 1968.

*Hodges & Oliver, G. Robert Oliver,* for appellant.

*Greer & Murray, Richard G. Greer, Neil L. Heimanson, Dan C. Mitchell,* for appellees.

QUILLIAN, Judge. ■ The issue for determination is whether under the terms of the insurance policy and the evidence presented the appellant was an insured. The policy provided in part that the word "insured" included the named insured, his spouse and "any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission."

In support of the motion for summary judgment State Farm introduced the deposition of J. D. Standard. The deposition stated in part that: he was employed by Dixie Motor Company; on the day in question Walter J. Ray came in the place where he was employed; he and Ray got into a conversation about Ray's automobile which had a front wheel drive; after they had talked a while he told Ray he "would like to take a little drive with you and drive it"; Ray told him he could go out and drive it; as he was leaving the building he saw Shirley F. Wynn and told him, "I am fixing to go drive it, you want to go ride with me?"; he drove the automobile out the road some distance and pulled in a churchyard; he then asked Wynn, "do you want to drive it back just to get the feel of it?"; Wynn replied, "Yes, I don't care if I do." Wynn then proceeded in the direction from which they had come; on the way back the child was struck by the automobile while Wynn was driving.

Walter J. Ray's deposition and affidavit stated in part that: he told Standard that he could "drive it around the block and see how it handles"; when Standard left he was in another room with a Mr. Weems discussing the price of a truck; he didn't have any discussion with Standard about anyone else driving the vehicle; he did not know anyone else was around until Mr. Weems came in; he did not know anyone else was going with Standard; when Standard and Wynn returned in the automobile he was in the office; he did not have any discussion regarding his automobile with Shirley F. Wynn. When asked if he made any objection to Standard when he came back and told him what happened and that Wynn was driving the automobile he replied, "No. It had done happen then."

In Shirley F. Wynn's deposition he testified in part that: he was present when Ray and Standard were discussing the automobile; they were talking about how it drove; he left the room after about five or ten minutes; Standard came up to the showroom in a few minutes and asked him if he wanted to go for a ride with him; they then left in Ray's automobile; Ray saw that he was driving the automobile when they returned to the lot.

The appellant contends that he had implied permission from

Ray to drive the automobile because when Ray gave Standard permission to drive the automobile there were no restrictions given as to who might drive it. With this contention we cannot agree.

As is stated in Anno., 4 ALR 3rd 10, 17: "It is well established that the named insured's mere permission to another to use the insured automobile does not alone authorize the permittee to delegate his right of user to a third person so as to entitle the latter to protection under the omnibus clause. However, it is equally well settled that such authority, or the named insured's permission to a second permittee, need not be express, but may be implied from the broad nature or scope of the initial permission, or from the conduct of the parties and the attendant facts and circumstances, and a factual determination as to the existence of such implied authority or permission is usually necessary."

Such implied permission may arise where: (1) a garage repairman lends a substitute automobile to a customer without restriction to be used in the place of a family car which the repairman knows the customer's wife was accustomed to driving as in *Drake v. General Accident &c. Assur. Corp.*, 88 Ga. App. 408 (77 SE2d 71) (overruled on another ground, *U. S. Cas. Co. v. Ga. S. & F. R. Co.*, 95 Ga. App. 100, 104 (97 SE2d 185)); (2) an employee permits a co-employee to drive, provided it is used within the scope of his employment. *Western Cas. &c. Co. v. Strozier*, 67 Ga. App. 41 (19 SE2d 433).

In the present case there are no facts which would give rise to any implied permission that would have authorized Standard to allow Wynn to drive the automobile. While the evidence disclosed that Standard was given permission to drive it, there was no testimony that Ray knew or expected anyone else to drive it. The permission was not a broad one and was in fact limited in its nature.

■ Appellant also contends that the depositions and affidavits of Ray and Wynn contained material conflicts as to factual matters that were sufficient to present an issue for the jury. There were conflicts between the statements of these parties. Ray stated that he had no conversation with Wynn either

prior to or after the trip in the automobile. He further said that he was in the office when they returned in the automobile. Wynn on the other hand stated that: he did enter into the discussion with Ray in regard to the automobile prior to going back to the showroom and that Ray was present and saw him drive the automobile back into the parking lot and made no objection to his driving it. Admitting that Wynn and Ray had a discussion about the merits of the automobile and that Ray saw Wynn return driving it, these conflicts would not be material to the issue of whether Standard was given implied permission to allow someone else to drive. Conflicts as to immaterial matters do not preclude the grant of a summary judgment. Robbins v. Gould, 278 F2d 116, 120. While it is usually a factual question for a jury's determination whether implied permission was given, the facts and circumstances of the case sub judice demand a finding that no permission was given either express or implied.

The trial judge did not err in granting the motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*