### 74022. McCRANEY et al. v. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT.
(357 SE2d 327)

CARLEY, Judge.

This case arises out of the occurrence of a two-car collision. One of the cars was owned by appellant-plaintiff Daniels and was being driven by appellant-plaintiff McCraney. The other car was owned by Ms. Amaryllis Stallworth and was being operated by Mr. Melvin Russell.

Appellants filed suit against Mr. Russell, giving notice of the commencement of their suit to appellee-defendant Fire and Casualty Insurance Company of Connecticut (FCICC). FCICC is the insurer providing the liability coverage on Ms. Stallworth's vehicle. No answer to appellants' suit against Mr. Russell was ever filed and a default judgment in their favor was entered. A subsequent demand by appellants that their judgment against Mr. Russell be paid by FCICC was refused.

Appellants then filed this action, seeking to recover against FCICC the amount of their judgment against Mr. Russell. FCICC answered and, among its other defenses, asserted that no liability coverage was afforded to Mr. Russell under the terms of its policy with Ms. Stallworth. Cross-motions for summary judgment were filed. According to FCICC's motion, Mr. Russell had stolen the vehicle from its insured prior to the collision. This contention was supported by evidence that Mr. Russell had been indicted for and had then pled guilty to the theft of Ms. Stallworth's vehicle. Under FCICC's policy, no liability coverage was afforded to anyone who was using Ms. Stallworth's vehicle "without a reasonable belief that [he was] entitled to do so." In their motion, appellants urged that the policy's exclusion for non-permissive use of the automobile had been waived, insofar as FCICC had failed to seek a declaratory judgment as to the exclusion's applicability prior to the entry of appellants' judgment against Russell. In the alternative, appellants urged that FCICC was otherwise estopped to deny its liability under the Stallworth policy for the judgment against Russell. The trial court conducted a hearing on the cross-motions and granted summary judgment in favor of FCICC and denied summary judgment to appellants. Appellants appeal from this order.

When an insurer is called upon to defend an action, it is put to the choice of either undertaking the defense or of refusing to do so. The insurer's election is not without its consequences. " 'By refusing to defend, the company loses all opportunity to contest the negligence of the insured or the injured person's right to recover, and exposes itself to a charge of and penalty for breach of contract. By defending, it incurs considerable expense and may waive the claim of immunity.' " *LaSalle Nat. Ins. Co. v. Popham*, 125 Ga. App. 724, 729 (1)

(188 SE2d 870) (1972). Accordingly, the law provides a procedural remedy to the insurer who is facing this choice. "A proper and safe course of action for an insurer in this position is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor. [Cits.]" *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 217 (1) (231 SE2d 245) (1976).

FCICC did not avail itself of this procedurally "safe course of action" when appellants gave it notice of their pending action against Mr. Russell. FCICC made its election that it would not undertake the defense of that suit. Accordingly, FCICC has waived all opportunity to contest either the negligence of Mr. Russell or appellants' right of recovery against him. By electing not to defend the suit against Mr. Russell, FCICC *has not*, however, waived either its right or its opportunity to contest appellants' entitlement to a recovery under its policy covering Ms. Stallworth. " 'The liability under the policy and the liability for negligence are indeed two separate transactions.' [Cit.]" *LaSalle Nat. Ins. Co. v. Popham*, supra at 729 (1). Where, as here, "a judgment has been obtained against an insurer's putative insured, . . . [a]ll rights have accrued; [FCICC] is either liable under the terms of its [policy] for the judgment entered against [Mr. Russell] or it is not. . . . [I]ts defenses can [now] be presented [in this] suit . . . entered [against it] by [appellants as the putative] third-party claimant[s]. [Cit.]" *Shield Ins. Co. v. Hutchins*, 149 Ga. App. 742, 744-745 (2) (256 SE2d 108) (1979). Under the uncontroverted evidence of record, FCICC is not liable under the terms of its policy with Ms. Stallworth for the judgment entered against Mr. Russell. See generally *Georgia Farm Bureau Mut. Ins. Co. v. Fire & Cas. Ins. Co.*, 180 Ga. App. 777 (350 SE2d 325) (1986).

Appellants' remaining contention that FCICC is otherwise estopped to deny liability for the judgment against Russell is without merit. See generally *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287 (127 SE2d 53) (1962); *State Farm Mut. Auto. Ins. Co. v. Keene*, 111 Ga. App. 480, 483 (142 SE2d 90) (1965). The trial court correctly granted summary judgment in favor of FCICC and correctly denied summary judgment to appellants.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 19, 1987.

*Thomas E. Spraley*, for appellants.
*Michael L. McGlamry, A. Ed Lane, Stephen J. Caswell*, for appellee.