A93A1854. AETNA CASUALTY & SURETY COMPANY v. EMPIRE FIRE & MARINE INSURANCE COMPANY.
(442 SE2d 778)

COOPER, Judge.

This case arose out of a collision between a truck owned by Randall Jerry Pelfry and a car driven by Jerry McClure. As a result of the collision, McClure and Kimeisha Cloud, a passenger in McClure's car, were injured. Pelfry's truck was loaded with lumber owned by Carolina Mills Lumber Company ("Carolina Mills"). Pelfry was covered under a business automobile policy issued by Empire Fire & Marine Insurance Company ("Empire"). Aetna Casualty & Surety Company ("Aetna") issued a business automobile liability policy to Carolina Mills.

Separate personal injury actions were filed by and on behalf of the victims. Lorraine Poole, McClure's mother and guardian, on McClure's behalf because McClure was incapacitated by the injuries sustained in the accident, initially only filed against Pelfry ("Poole action") but added Carolina Mills as a defendant on the theory of respondeat superior seven months later on November 21, 1989. Cloud named Pelfry, Carolina Mills, Empire and Aetna as defendants ("Cloud action"). Aetna defended its insured, Carolina Mills, and Pelfry was defended by Empire. By letter dated February 5, 1990, Empire reserved its rights as to Carolina Mills. On September 19, 1991, Aetna demanded that Empire defend and indemnify Carolina Mills in both suits on the theory that Carolina Mills was covered by the Empire policy. Empire refused. Aetna repeated the demand on February 26, 1992, and also requested that Empire settle the Poole action on Carolina Mills' behalf. On the same day, the Poole action was settled with Aetna paying $350,000 on behalf of Carolina Mills and Empire paying $100,000 on Pelfry's behalf. In March 1992, the Cloud action was tried, and the jury found Pelfry liable and Carolina Mills not liable.

Aetna subsequently filed the instant action, as contractual and equitable subrogee, against Empire seeking all sums incurred by Aetna in the defense of Carolina Mills in both lawsuits since the Sep-

tember 19, 1991 demand and sums paid in settlement of the Poole action on behalf of Carolina Mills. Empire answered and asserted a counterclaim seeking damages against Aetna for stubborn litigiousness and bad faith. Aetna moved for summary judgment, contending that Carolina Mills was an insured under the Empire policy; that Empire had a duty to defend and indemnify Carolina Mills; that Empire's obligations were primary, and Aetna's obligations were excess; and that Empire's counterclaim should be denied as a matter of law. Empire filed a cross-motion for summary judgment, urging that the final judgment in favor of Carolina Mills in the Cloud action established as a matter of law that Carolina Mills was not covered by the Empire policy; that even if Carolina Mills qualified as an insured under the Empire policy, Aetna, nonetheless, had a separate duty to defend Carolina Mills, not subject to the primary/excess coverage provisions in the two policies; that even if Carolina Mills is an insured, Aetna provided a defense to Carolina Mills under its policy without reservation and therefore is estopped from abandoning the defense of its insured or has waived its rights; that if Aetna's duty was excess, Aetna voluntarily undertook its obligation and cannot claim reimbursement; and that Empire had no duty to defend Carolina Mills in the underlying actions.

The trial court granted Empire's motion for summary judgment and denied Aetna's motion. On the issue of whether Carolina Mills was an insured under the Empire policy, the court held that since the jury in the Cloud action found that Carolina Mills was not liable for Pelfry's actions and the Poole action was settled, Carolina Mills was not an insured under the Empire policy. On the question of Empire's duty to defend and indemnify, the court held that since Aetna actively defended Carolina Mills without reservation or protest for such a lengthy time before demanding that Empire defend and indemnify, Aetna waived its right to coverage under the Empire policy. This appeal followed.

1. Aetna enumerates as error the trial court's grant of summary judgment to Empire and the denial of its motion for summary judgment. Aetna contends the court erred in failing to find that Carolina Mills was an insured under the Empire policy; that Empire's obligations to Carolina were primary; that Empire had a duty to defend Carolina Mills in both actions; and that Empire had a duty to pay the Poole settlement. We will first examine whether Carolina Mills is an insured under the Empire policy.

(a) The Empire policy contains a "Truckers Coverage Endorsement" which defines an "insured" as follows: "anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability." Since the complaints allege that Carolina Mills is liable for Pelfry's negligence on the basis of respondeat supe-

rior, Carolina Mills fits within the policy's definition of an "insured." See *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, 117 Ga. App. 426, 429 (2) (160 SE2d 603) (1968).

Empire argues that based on certain allegations in the Cloud complaint, Carolina Mills is a "trucker" under the policy and therefore, as a trucker, is not covered under the policy. We disagree. The Cloud complaint alleges that Pelfry and Carolina Mills "were acting as motor carriers and/or motor contract carriers, engaged in the transportation of property in interstate and intrastate commerce, and were subject to the regulations of the United States Interstate Commerce Commission and the Georgia Public Service Commission governing such activities as motor common or contract carriers." The policy defines trucker as "any person or organization engaged in the business of transporting property by auto for hire." Aetna submitted the affidavit of Carolina Mills' president, in support of its motion for summary judgment, who averred that the company was not subject to motor carrier insurance requirements and was not authorized by any public authority in Georgia or elsewhere to serve any route or territory. This evidence was unrebutted. Moreover, there was no allegation or evidence submitted that Carolina Mills was an "organization engaged in the business of transporting property by auto for hire."

(b) The "Other Insurance" provision in the Empire policy recites that it provides primary insurance for "any auto covered you own" and excess insurance "for any covered auto you don't own." The "Other Insurance" provision in the Aetna policy provides, in pertinent part, that "[f]or any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance." Since the accident involved a covered vehicle owned by Pelfry, Empire's coverage is primary under the policy, and Aetna's coverage is excess. See id. at 428.

(c) Regarding Empire's duty to defend Carolina Mills in the actions, "[t]he true rule is that the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." (Citations, punctuation and emphasis omitted.) *St. Paul Fire &c. Co. v. Mitchell*, 164 Ga. App. 215, 216 (1) (296 SE2d 126) (1982). Since we have established that Carolina Mills is an "insured" under the policy (see Division 1a), and since the policy obligates Empire to "pay all sums the insured legally must pay as damages because of bodily injury or property damage . . . caused by an accident and resulting from the ownership, maintenance or use of a covered auto" and "defend any suit asking for these damages," Empire had a duty to defend Carolina Mills in both actions.

The trial court held that Aetna waived its right to coverage under

the Empire policy because Aetna defended. Carolina Mills without reservation for more than a year in the Poole case and ten months in the Cloud case before demanding that Empire defend and indemnify. The court reasoned that Aetna's untimely demand for coverage on the eve of trial of the Cloud case prevented Empire from seeking a declaratory judgment of its alleged obligations to Carolina Mills.

Despite the fact that its coverage was excess, Aetna's policy required that it defend Carolina Mills; thus, Aetna's defense of Carolina Mills was not voluntary, as urged by Empire. See *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 416-417 (1) (349 SE2d 201) (1986), rev'd on other grounds 257 Ga. 77 (355 SE2d 428) (1987); 183 Ga. App. 242 (360 SE2d 78) (1987). Furthermore, by virtue of the subrogation provision in its policy, Aetna is entitled to seek indemnification from the carrier of primary coverage. *Zurich*, supra at 430 (3). We agree with Aetna that its defense of Carolina Mills without a reservation of rights did not bar its recovery against Empire for Empire's refusal to defend and indemnify. Such a reservation of rights under the Aetna policy is a matter between Aetna and Carolina Mills and addresses Aetna's defenses to claims for coverage by its insured, not third parties. See *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (3) (231 SE2d 245) (1976). Therefore, the absence of a reservation of rights by Aetna is of no consequence to Empire on the issue of coverage under the Empire policy under the circumstances of this case.

Nor do we find that Aetna's demand, "on the eve of trial," barred its recovery based on Alabama law, as urged by Empire in its motion for summary judgment because the policy was delivered in Alabama. See *Gen. Tel. Co. of the Southeast v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984). The Empire policy provides that in the event of accident or loss, the insured must "[i]mmediately send [Empire] copies of any notices or legal papers received in connection with the accident or loss." Empire contended that Aetna's recovery was barred because neither Aetna nor Carolina Mills forwarded copies of the complaints to Empire and the first demand made by Aetna on Carolina Mills' behalf came on September 21, 1991, more than one year after Aetna began defending Carolina Mills in the Poole case and ten months after the Cloud action was filed.

In Alabama, "the failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insured to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract. [Cits.]" *Reeves v. State Farm Fire &c. Co.*, 539 S2d 252, 254 (1) (Ala. 1989). "The purpose of provisions in insurance policies requiring the insured to forward legal process to the insurer immediately is to afford the insurer an opportunity to control litigation. [Cit.]" Id. at 256.

In *Reeves*, the court held that insureds must comply with notice provisions in an insurance policy and cannot rely on what the insurer or its agents may receive from newspapers and the like. Id. at 255. However, Alabama has also recognized that notice can be provided by someone other than the insured. See *Dill v. Colonial Ins. Co. of California*, 569 S2d 385 (1) (Ala. 1990). The record contains a stipulation wherein Empire admits receiving the amended complaint in the Poole case adding Carolina Mills as a defendant, Carolina Mills' answer and defenses in the Poole case, and the complaint in the Cloud case, either on the day such pleadings were filed or the following day. The record also reflects that Empire defended Pelfry continually in both actions, participating in the settlement of the Poole action which culminated on February 26, 1992 and defending Pelfry in the Cloud action which resulted in a jury verdict on March 10, 1992. Thus, Empire was in a posture to "control the litigation" the entire time Carolina Mills was a party in both cases, and the notice requirement was satisfied.

Likewise under Georgia law, OCGA § 33-7-15, the notice requirement was also satisfied as Empire received copies of the pleadings immediately upon their filing, albeit from someone other than Carolina Mills or Aetna. *Mahone v. State Farm Mut. Auto. Ins. Co.*, 188 Ga. App. 664, 667 (2) (373 SE2d 809) (1988). We do not agree with the trial court's conclusion that Aetna's demand on September 19, 1991 prevented Empire from timely obtaining a declaratory judgment to determine its liability under the policy. Empire rejected Aetna's demand on October 11, 1991. However, the Poole case was not settled until February 26, 1992, and the Cloud trial did not begin until March 1992. There is no evidence in the record which demonstrates that Empire either filed a declaratory action or was prevented from doing so in the months prior to the resolution of those cases. Accordingly, Empire had a duty to defend Aetna in both cases.

(d) Based on *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, supra, we find that as the primary carrier, Empire is obligated to indemnify Aetna for all sums previously paid in the compromise and settlement of the Poole action. Aetna cites to *Ga. Southern &c. R. Co. v. U. S. Cas. Co.*, 97 Ga. App. 242 (102 SE2d 500) (1958), for the proposition that Empire is estopped to deny the validity of the settlement when it denied coverage and refused to defend Carolina Mills in the Poole action. While it is true that an insurer loses its opportunity to contest the negligence of the insured or the injured person's right to recover by refusing to defend, the insurer does not lose its right to contest the insured's entitlement to a recovery under its policy. *McCraney v. Fire &c. Ins. Co. of Connecticut*, 182 Ga. App. 895, 896 (357 SE2d 327) (1987). However, the only objection raised by Empire to Aetna's entitlement to indemnification *under the policy* was Empire's contention

that Carolina Mills was not an insured under the policy. Empire argues that since the jury determined in the Cloud case that Carolina Mills was not responsible for Pelfry's actions, Carolina Mills does not meet the "Who Is Insured" criteria in the Empire policy. Relying on the doctrine of collateral estoppel, Empire contends that the Cloud verdict is binding on the parties in the Poole action such that Aetna, as subrogee, has no claim against Empire for any amount paid in settlement of the Poole action. However, the doctrine of collateral estoppel is totally inapplicable in this case. The Cloud verdict occurred *after* the settlement of the Poole action. Collateral estoppel "stems from the doctrine of res judicata where there has been a *former* adjudication of the same issue by the same parties or their privies, even though the adjudication may not have been upon the same cause of action. [Cit.]" (Emphasis supplied.) *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 309 (335 SE2d 681) (1985). The settlement agreement entered into by the parties in the Poole case was " 'full and final' as to the entirety of the controversy which existed between the parties. As such, it was binding and enforceable by and against the respective parties to it." *Bishop v. Intl. Paper Co.*, 174 Ga. App. 863, 864 (332 SE2d 12) (1985). Thus, the subsequent absolution of Carolina Mills in the Cloud case had no bearing on the respective obligations of the parties already set forth in the Poole settlement.

Based on the foregoing, we conclude that the trial court erred in denying Aetna's motion for summary judgment and granting Empire's motion for summary judgment relative to Empire's duty to defend and indemnify Aetna.

2. Aetna also contends the trial court erred in denying its motion for summary judgment on Empire's counterclaim for attorney fees and expenses of litigation on the ground that Aetna's lawsuit constituted stubborn litigiousness and bad faith. "Although OCGA § 13-6-11 creates a cause of action for bad faith damages to a plaintiff for having to resort to litigation, no such provision is available to a defendant in the absence of viable independent counterclaims asserting a claim for relief independent of the assertion of the plaintiff's harassment, litigiousness and bad faith in bringing its suit. [Cit.] [Empire], having asserted no other independent claim against [Aetna] other than a claim for litigation costs and attorney fees, is not a true plaintiff in counterclaim so as to claim litigation expenses under OCGA § 13-6-11. [Cit.]" (Punctuation omitted.) *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 777 (406 SE2d 121) (1991). Accordingly, the trial court erred in denying Aetna's motion for summary judgment on Empire's counterclaim.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 1, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 —

*Neely & Player, John W. Winborne III, Frances R. Mathis,* for appellant.

*Dennis, Corry, Porter & Gray, R. Clay Porter, Craig P. Siegenthaler,* for appellee.