## A95A0178. FEDERATED MUTUAL INSURANCE COMPANY v. LAWSON.
### (458 SE2d 709)

BIRDSONG, Presiding Judge.

Eddie Lawson sued Federated Mutual Insurance Company to collect on a default judgment against Onslow Ross. Federated was the insurer of Macon Automotive, Inc., under a policy which insured "anyone else while using with your permission a covered 'auto' you own, hire or borrow." Ross was a prospective buyer. Macon Automotive's employee (Livingston) allowed Ross to take a car away from the dealership. At about 6:45 p.m., Lawson was injured in a hit-and-run collision with this car. Lawson took a default judgment against Ross. Before suing Federated, Lawson obtained Ross's sworn statement to the effect that he called Macon Automotive and Livingston brought a car to him and took him to get a copy of his driver's license which he had lost; Livingston took Ross to the dealership where Ross selected a car; and Livingston then filled out a buyer's order, filled the car up with gas, and gave Ross a copy of the buyer's order so that Ross would have proof of insurance in the car. A buyer's order and a temporary driver's license of the same date are included in the record. Ross stated it was his intention to buy the car with money from his credit union, and one of his fraternity brothers was driving the car at the time of the collision.

Federated contends the car was not being driven while Ross was "using [the car] with [the dealer's] permission" so as to allow coverage under its insurance policy, because Ross stole the car. The dealer's employee affied that Ross took the car on a test drive at about 3:00 p.m. with the understanding that he would return "within a couple of hours," but "as time passed" Livingston began to worry that it had been stolen; he called the police and reported it stolen; officers arrived at the dealership "shortly after [the salesman's] telephone conversation" with the police; and "at some point after" the police arrived, Ross was involved in a collision with Lawson.

According to a police officer's affidavit, the officer who worked that case had died. The incident report shows the alleged theft occurred April 16, 1991, at 3:00 p.m., but there is no indication when the incident report was written. The space for "date of report" is blank. Lawson contends the evidence is not clear when the car was reported stolen; that Ross was allowed to take the car home until he arranged to get the purchase money; that the dealer did not take out a warrant against him for stealing the car until two days later; that Ross denied any intent to steal the car; and he was not prosecuted for theft.

The trial court denied Federated's motion for summary judgment and granted summary judgment to Lawson. Federated appeals. *Held*:

The trial court erred in granting summary judgment to Lawson, but correctly denied summary judgment to Federated.

This is not a case where the driver was clearly not using the vehicle with the permission of the owner. See *Wynn v. State Farm &c. Co.*, 118 Ga. App. 421 (164 SE2d 153); *Maryland Cas. Co. v. U. S. Fidelity &c. Co.*, 91 Ga. App. 635 (86 SE2d 801). It is not a case where use of the car was plainly outside the scope of permission (see *Select Ins. Co. v. Register, Inc.*, 192 Ga. App. 145 (384 SE2d 238)); nor is it a case where the car was clearly stolen and the policy excluded coverage to one using the car " 'without a reasonable belief that (he was) entitled to do so.' " *McCraney v. Fire &c. Ins. Co. of Conn.*, 182 Ga. App. 895 (357 SE2d 327). The evidence is in strong dispute whether Ross stole the car or was using it with the dealer's permission. Viewed in favor of the respondent to Federated's motion for summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), the evidence shows the dealer's employee allowed Ross to take the car under what amounted to very liberal terms. He gave Ross a "buyer's order" so Ross would have proof of insurance, and he gave Ross permission to take the car for "a couple of hours"; this could be a term of art indicating an unspecified time (within which this collision occurred). Ross stated that he intended to buy the car, and in his view he had already bought it. In the jury's view all the evidence may show the car was not stolen but was being "used" with permission at the time of Lawson's injury.

Moreover, there are issues as to whether the car was in fact stolen and, if it was not stolen, whether the dealer could "withdraw" its permission unknown to Ross merely by erroneously concluding it was stolen.

As for the allegation that the car was in any event not being used with the dealer's permission because Ross's fraternity brother was driving it, the policy does not limit coverage to persons *driving* the car with the dealer's permission. It defines "insured" as "*anyone* else while *using* [the covered auto] with your [Macon Automotive's] permission." (Emphasis supplied.) Under the liberal permission given to Ross, who claims he had bought the car, he may have been "using" it with the dealer's permission when he allowed someone else to drive it. These are jury questions, and neither party was entitled to summary judgment.

*Judgment affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED JUNE 30, 1995.

*Alston & Bird, Gerald L. Mize, Jr., R. Clay Milling II*, for appellant.

*Mullis, Marshall, Lindley & Powell, J. A. Powell, Jr., Gerald S. Mullis*, for appellee.