S04G0282. SOUTHERN GUARANTY INSURANCE COMPANY
v. DOWSE et al.
(605 SE2d 27)

SEARS, Presiding Justice.

Certiorari was granted to consider whether the Court of Appeals erred in holding that an insurer that refused to defend or indemnify its insured was estopped from subsequently arguing that a settlement agreement entered into by the insured and a third party relieved the insurer from its obligations under the policy.[1] Having reviewed the record, we agree with the Court of Appeals' ruling, but emphasize that the insurer is not estopped from arguing that the claims brought against its insured are not covered under the policy's terms. Therefore, while we affirm the ruling below, we remand this matter for a determination of whether the policy provides coverage for the underlying claims.

The Dowses sued Cutter, Inc., for defective construction and installation of exterior insulation and finishing on their home, alleging negligence, breach of warranty and bad faith. Cutter, Inc., was insured under a general commercial liability policy issued by Southern Guaranty Insurance Company ("SGIC"), which informed Cutter, Inc., that the claim brought against it by the Dowses was not covered

---

[1] *Dowse v. Southern Guaranty Ins. Co.*, 263 Ga. App. 435 (588 SE2d 234) (2003).

by the policy and that SGIC would not defend or indemnify Cutter, Inc. Cutter, Inc., and its principal, Ulysses Cutter, then reached a settlement agreement with the Dowses. As part of the agreement, Cutter, Inc., withdrew its answer to the complaint and a default judgment was entered against it.[2] A hearing was held on the issue of damages, and judgment was rendered for the Dowses, awarding them damages, interest and costs.

The Dowses then filed a garnishment action against SGIC, claiming that Cutter, Inc.'s, insurance policy was a garnishable asset. SGIC answered, arguing that it possessed no funds subject to garnishment, and moved for summary judgment, which the trial court granted.

The Court of Appeals reversed, noting that under the terms of the settlement agreement, the Dowses reserved their right to collect against the SGIC policy. The Court of Appeals reasoned that an insurer that denies coverage and refuses to defend its insured is estopped from asserting that a settlement reached between the insured and a third party relieves the insurer from its obligations under the insurance policy. This Court granted certiorari to review the propriety of that ruling.

1. SGIC claims that the terms of the settlement agreement relieve it of any obligation to make payment to the Dowses. SGIC argues that the Dowses' claim against SGIC exists solely as a derivation of their claim against Cutter, Inc. Because the settlement agreement releases Cutter, Inc., of any obligation to pay damages, SGIC argues that it, too, is relieved of that obligation. We disagree.

The settlement agreement provides that the Dowses would not seek to recover or collect from Cutter, individually, or from Cutter, Inc., "**except** [the Dowses] may seek to recover any funds available to [Cutter, Sr., and Cutter, Inc.,] as indemnity under [SGIC's insurance policy] . . . it being the express intent of all parties hereto to enter into an agreement providing [the Dowses] shall limit their recovery to whatever [they] may recover under the [SGIC policy] . . . whether as assignee of the benefits of this policy or as judgment creditor of [the insureds]." Thus, it is clear that the Dowses specifically reserved their claims against Cutter, Inc., to the extent that coverage is provided under the SGIC policy. Accordingly, there has not been a full and complete release of Cutter, Inc., as claimed by SGIC, and its argument to the contrary fails.[3]

---

[2] The settlement agreement released Ulysses Cutter, individually, from all claims of liability.

[3] See *Ingram v. Star Touch Communications*, 215 Ga. App. 329, 330 (450 SE2d 334) (1994) (settlement is generally construed as the final disposition of any claim brought by one party against another, **unless** remaining claims are specifically reserved). For this same reason, we

Furthermore, SGIC is essentially arguing that simply because its insured agreed to settle a claim for which SGIC refused to provide either coverage or a defense, SGIC is relieved of its obligation to pay under the policy. This argument, however, is at odds with both our precedent and learned treatises. Liability policies generally include provisions that prohibit an insured from settling claims without the insurer's approval. These provisions enable insurers to control the course of litigation concerning such claims, and also serve to prevent potential fraud, collusion and bad faith on the part of insureds. However, an insurer has a correlative duty to defend its insured against all claims covered under a policy, even those that are groundless, false, or fraudulent.[4] An insurer that refuses to indemnify or defend based upon a belief that a claim against its insured is excluded from a policy's scope of coverage "[does] so at its peril, and if the insurer guesses wrong, it must bear the consequences, legal or otherwise, of its breach of contract."[5]

In Georgia, an insurer that denies coverage and refuses to defend an action against its insured, when it could have done so with a reservation of its rights as to coverage, "waives the provisions of the policy against a settlement by the insured and becomes bound to pay the amount of any settlement [within a policy's limits] made in good faith[,] plus expenses and attorneys' fees."[6]

In this case, SGIC had a choice when timely notified of the claim pending against its insured — either defend under a reservation of right or decline to defend. Having elected the latter, the precedent cited above estops SGIC from contesting its insured's liability, the Dowses' right to recover, and its obligation to pay to the extent the policy provides coverage.

2. By refusing to defend, however, SGIC did not waive its right to contest its insured's assertion that the insurance policy provides coverage for the underlying claim.[7] Obviously, if the underlying claim is outside the policy's scope of coverage, then SGIC's refusal to indemnify or defend was justified and it is not liable to make payment

---

reject SGIC's argument that the Dowses' agreement not to execute judgment against Cutter, Inc., or Cutter, individually, should be extended to include SGIC.

[4] See Consequences of Liability Insurer's Refusal to Assume Defense of Action Against Insured Upon Ground That Claim Upon Which Action is Based is Not Within Coverage of Policy, 49 ALR2d 694.

[5] 49 ALR2d 694 at (I) (2b).

[6] *Ga. Southern &c. R. Co. v. United States Cas. Co.*, 97 Ga. App. 242, 244 (102 SE2d 500) (1958); *Motors Ins. Co. v. Auto-Owners Ins. Co.*, 251 Ga. App. 661, 664 (555 SE2d 37) (2001); *Aetna Cas. & Surety Co. v. Empire Fire & Marine Ins. Co.*, 212 Ga. App. 642, 646 (442 SE2d 778) (1994); see 22 Holmes' Appleman on Insurance 2d, § 137.10 (C) (1), p. 194.

[7] *Aetna Cas. & Surety Co.*, 212 Ga. App. at 646; *McCraney v. Fire & Cas. Ins. Co.*, 182 Ga. App. 895, 896 (357 SE2d 327) (1987).

within the policy's limits. This question of whether the policy provides coverage for the claim is separate from the legal consequences of an insurer's refusal to indemnify or defend.

In this case, the question of whether SGIC's general commercial liability policy afforded coverage for the Dowses' claim against Cutter, Inc., has not yet been decided by the trial court. This issue is obviously determinative of whether SGIC's refusal to defend was justified or unjustified, and whether such refusal subjected it to liability in connection with the parties' settlement agreement. Hence, this matter must be remanded for a determination of whether such coverage exists.

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Mabry & McClelland, Robert M. Darroch, Nathan W. Kotas*, for appellant.

*Weisenbaker & Brooks, Eugene C. Brooks IV, William G. Bell III*, for appellees.