## S09G0480. OWNERS INSURANCE COMPANY v. SMITH MECHANICAL CONTRACTORS, INC.

(683 SE2d 599)

MELTON, Justice.

In *Owners Ins. Co. v. Smith Mechanical Contractors, Inc.*, 294 Ga. App. 754 (670 SE2d 213) (2008), the Court of Appeals affirmed the trial court's grant of summary judgment in favor of Smith Mechanical Contractors, Inc., finding that Smith Mechanical's insurer, Owners Insurance Company, was required to provide coverage under an insurance policy for damages that occurred to certain machinery while it was being moved by Smith Mechanical. We granted certiorari to consider the following questions:

> Whether the Court of Appeals erred in holding that the "care, custody or control" exclusion of the policy does not apply under the facts of this case? If not, whether the Court of Appeals erred in rejecting the insurer's alternative argument that the customer retained "all-encompassing" and exclusive control of the machine and its insured thus incurred no legal liability when the machine was damaged?

For the reasons set forth below, we answer both questions in the negative and affirm.

1. As found by the Court of Appeals, the underlying facts of this case are as follows:

> Smith Mechanical is a company that repairs and upgrades equipment. Owners issued a commercial general liability insurance policy to Smith Mechanical insuring, among other things, a crane Smith Mechanical owned and operated in its business. Birdsong Peanut Company contracted with Smith Mechanical to remove a commercial peanut cleaner from its foundation and set it on a truck arranged by Birdsong for shipment to another Birdsong plant in Texas. While Smith Mechanical was using its crane to move the cleaner, the asphalt beneath the crane's left front outrigger caved-in, causing the crane to tip forward and drop the cleaner to the ground. The crane then fell onto the peanut cleaner. Bobby Royce Smith, Smith Mechanical's principal, arranged for the purchase of a replacement peanut cleaner for $27,500.00. Birdsong purchased the replacement cleaner for $27,500.00 and Bobby Royce Smith gave Birdsong a promissory note for $27,500.00 which Smith Mechanical repaid to Birdsong in two payments, along with interest. Smith Mechanical timely submitted a claim and

required proofs of loss to Owners for indemnification under its commercial general liability insurance policy. Owners paid Smith Mechanical for damage to the crane but denied coverage for damage to the cleaner. Owners never provided a defense against any claims that Birdsong asserted against Smith Mechanical. Smith Mechanical brought this action to recover indemnity under the policy for property damage to the cleaner.

Owners filed a motion for summary judgment, which the trial court denied. Smith Mechanical then filed a motion for summary judgment and Owners filed an "alternative" motion for summary judgment in response to Smith Mechanical's motion. The trial court granted summary judgment to Smith Mechanical and Owners filed the present appeal.

In relevant part, the policy at issue here provides that Owners will pay those sums that Smith Mechanical becomes "legally obligated to pay as damages" because of "property damage" caused by an "occurrence," which is further defined as an "accident." The policy defines "mobile equipment" to include "power cranes" and Smith Mechanical's hydraulic crane is separately listed as scheduled equipment covered by the policy. The policy specifically excludes coverage for property damage arising from the use of the "mobile equipment" in a prearranged racing, speed or demolition contest or stunting activity. The policy also expressly excludes liability for "property damage to . . . [p]ersonal property in the care, custody or control of the insured." It is this exclusion that Owners contends applies in the present case.

(Punctuation omitted.) Id. at 754-755.

2. Owners contends that it is not required to reimburse Smith Mechanical for the damage to the peanut cleaner because it was in the care, custody, or control of Smith Mechanical at the time that it was damaged.

As an initial matter, we must employ the standard rules of contract construction to determine the meaning of the provisions of an insurance policy.

The hallmark of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3; *Golden v. Nat. Life &c. Ins. Co.*, 189 Ga. 79, 87 (2) (5 SE2d 198) (1939). However, when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to

find the parties' intent. *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (2) (359 SE2d 659) (1987).

*Park 'N Go of Ga. v. United States Fidelity &c. Co.*, 266 Ga. 787, 791 (471 SE2d 500) (1996).

Guided by these principles, we find that the care, custody, or control exclusion is not applicable.

> "Care, custody or control" as it is used in the exclusions at issue is defined by both the specific terms of the insurance policy and by the law of bailment. A bailment occurs when there is "a delivery of goods or property upon a contract, express or implied, to carry out the execution of a special object beneficial either to the bailor or bailee or both and to dispose of the property in conformity with the purpose of the trust." OCGA § 44-12-40. That is, a bailment relationship is created when one party is involved in an undertaking for a consideration to safeguard the personal property of another and exercises complete dominion at all times over the property.

(Citation omitted.) Id. at 790.

Under the specific facts of this case, it cannot be said either that a bailment of the peanut cleaner was created or that Smith Mechanical had exclusive "care, custody, or control" of the cleaner at the time that it was damaged. The record shows that: Birdsong's maintenance supervisor was ultimately in charge of the job of moving the peanut cleaner; Birdsong's maintenance supervisor had the recognized authority to control the starting, stopping, and speed of the job; the job was performed exclusively on Birdsong's site; and Birdsong retained custody and control of the peanut cleaner, even while it was being moved. "The most that can be said with respect to the [peanut cleaner] is that [Birdsong] temporarily shared with [Smith Mechanical] their control of the [peanut cleaner] insofar as necessary to lift [it]." *Home Indemnity Co. v. Leo L. Davis, Inc.*, 79 Cal. App.3d 863, 872 (1978). Therefore, in this case, Smith Mechanical was operating as an instrumentality of Birdsong, moving Birdsong's peanut cleaner to serve Birdsong's purposes while under Birdsong's direction and control. Accordingly, the trial court did not err by finding that the peanut cleaner was not in Smith Mechanical's care, custody, or control at the time of the accident and that the exclusion under the policy did not apply.

3. In the alternative, Owners contends that, even if the care, custody, or control exclusion is inapplicable, it has no duty to reimburse Smith Mechanical for any expenditures regarding the

peanut cleaner because Birdsong retained "all-encompassing" and exclusive control of the machine and Smith Mechanical thus incurred no legal liability when the machine was damaged. In short, Owners argues that, because Smith Mechanical was never in charge of the peanut cleaner, it breached no duty towards Birdsong, and therefore had no liability. Owners further argues that, in the absence of any such liability, Smith Mechanical's payments to Birdsong for the peanut cleaner were voluntary ones which are not covered pursuant to the terms of the policy.

This argument fails for two reasons. First, Birdsong's possession of the peanut cleaner was not all-encompassing. At the time that the cleaner was being moved, as indicated above, it can be said that Birdsong shared possession of the peanut cleaner momentarily with Smith Mechanical for the purpose of moving it from one place to another. Second, even if there was no shared possession, Owners is now estopped from contending that Smith Mechanical's payment to Birdsong was voluntary in nature. After the peanut cleaner was damaged, Owners informed Smith Mechanical that it would not cover the damages, and it provided Smith Mechanical with no defense regarding claims against Smith Mechanical brought by Birdsong. Thereafter, in the absence of any defense from Owners, Smith Mechanical essentially settled with Owners by purchasing a new peanut cleaner. This scenario is governed by the analogous case of *Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674 (605 SE2d 27) (2004). In that case, we explained that "an insurer has a . . . duty to defend its insured against all claims covered under a policy, even those that are groundless, false, or fraudulent." (Footnote omitted.) Id. at 676 (1). Based on this duty to defend,

> [i]n Georgia, an insurer that denies coverage and refuses to defend an action against its insured, when it could have done so with a reservation of its rights as to coverage, waives the provisions of the policy against a settlement by the insured and becomes bound to pay the amount of any settlement within a policy's limits made in good faith, plus expenses and attorneys' fees [if the claim is actually covered by the policy].

(Punctuation and footnote omitted.) Id. Under these circumstances, the Court of Appeals did not err in rejecting Owners' argument that Birdsong retained "all-encompassing" and exclusive control of the machine and Smith Mechanical thus incurred no legal liability when the machine was damaged.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Talley, French & Kendall, Michael C. Kendall, Maureen E. Murphy*, for appellant.

*Boone & Stone, David W. Boone, William S. Stone, Simone R. Siex, Aileen R. Page, Andy J. Williams, Jr., Antoinette Davis*, for appellee.