[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15062
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00633-CG-B


CATEGORY 5 MANAGEMENT GROUP, LLC,

                                        Plaintiff - Appellant,

        versus

NATIONAL CASUALTY INSURANCE COMPANY,
ACE AMERICAN INSURANCE COMPANY,
COLONEL MCCRARY TRUCKING, INC.,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 26, 2012)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff, Category 5 Management Group, LLC (CAT 5), appeals the grant of summary judgment in favor of all Defendants: Colonel McCrary Trucking (CMT), National Casualty Insurance Company (NCIC), and ACE American Insurance Company (ACE). CAT 5 argues on appeal that the district court should have found that CMT, NCIC, and ACE breached the contracts by not defending or indemnifying CAT 5 in the underlying lawsuit.[1] After reviewing the briefs and the record, we affirm the district court.

## I. Background

In June 2007, CMT entered into a subcontract with CAT 5 to remove debris in Louisiana following Hurricane Katrina. In July 2007, Joe Edward Johnson, an employee of CMT working in Louisiana, borrowed a truck owned by CMT to attend a court hearing in Alabama. As Johnson drove back to Louisiana, he allegedly drove through a red light on Highway 59 in Alabama and collided with a Mini Cooper containing Tracy Lee Stuart, Celena Sprinkle, and Breana F. Stuart, a three-year-old child (the Sprinkles). Celena and Breana suffered severe injuries.

In August 2007, the Sprinkles filed suit against Johnson, R.D. Construction,

---

[1] CAT 5 also appeals the district court's denial of its summary judgment motion. In light of our decision to affirm the district court, that appeal is rendered moot.

Inc. (RDC), CMT, and four fictitious parties in Alabama state court. In December 2007, the Sprinkles amended their complaint to include claims against CAT 5 and other parties for negligence and/or wantonness and negligent and/or wanton hiring, training, supervision, and entrustment. In October 2008, NCIC and ACE paid their policy limits of $1,000,000.00 and $4,000,000.00, respectively, to settle the Sprinkles' claims against Johnson, CMT, and RDC. CAT 5 was not involved in the settlement. CAT 5 separately settled with the Sprinkles for $6,000,000.00 and filed a cross-claim against CMT, NCIC, and ACE alleging several causes of actions including breach of contract against NCIC and ACE for failing to defend and indemnify CAT 5 and breach of contract against CMT for failing to indemnify CAT 5. Alabama state court severed CAT 5's suit and Defendants removed the suit to the Southern District of Alabama.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

3

### III. Choice of Law

"Federal courts sitting in diversity apply the forum state's choice-of-law rules." *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Alabama law requires the application of the law of the state wherein the contract was executed. *Pines v. Warnaco, Inc.*, 706 F.2d 1173, 1176 n.3 (11th Cir. 1983) (citing *Harrison v. Ins. Co. of N. Am.*, 318 So. 2d 253, 257 (Ala. 1975)). The last act of execution, the receipt and acceptance of the NCIC and ACE policies, occurred in Georgia; therefore, we apply Georgia law. *See Indus. Chem. & Fiberglass v. N. River Ins. Co.*, 908 F.2d 825, 829 n.3 (11th Cir. 1990).

Section 6.18 of the contract between CMT and CAT 5 requires the application of Louisiana law. Therefore, we apply Louisiana law when interpreting the contract between CMT and CAT 5.

### IV. NCIC and ACE's Duty to Defend and Indemnify

#### A. Duty to Defend

Under Georgia law, to determine whether an insurer is obligated to defend an insured, we look to the allegations contained in the complaint to discern whether a liability covered by the policy was asserted. *Atlanta Postal Credit Union v. Int'l Indem. Co.*, 494 S.E.2d 348, 350 (Ga. Ct. App. 1998). "[T]he issue

4

is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend." *Id.*

The NCIC policy defines "insureds" to include "[a]nyone liable for the conduct of an 'insured' described above but only to the extent of that liability." The ACE policy provides: "The Definitions, Terms, Conditions, Limitations, and Exclusions of the UNDERLYING INSURANCE [i.e., the NCIC policy], in effect at the inception date of this policy, apply to this coverage unless they are inconsistent with the provisions of this policy." Under Georgia law, "liable for the conduct of an insured" is synonymous with vicarious liability; therefore, NCIC and ACE only have a duty to defend and indemnify CAT 5 for claims of vicarious liability. *Id.* at 352; *Aetna Cas. & Sur. Co. v. Empire Fire & Marine Ins. Co.*, 442 S.E.2d 778, 781 (Ga. Ct. App. 1994).

In determining whether the Sprinkles' complaint filed in Alabama State Court alleged vicarious liability claims against CAT 5, we look to Alabama law. *See Lifestar Response of Alabama, Inc. v. Admiral Ins.*, 17 So. 3d 200, 213 (Ala. 2009). Alabama is a notice pleading state, which requires that the complaint must "provide fair notice to adverse parties of the claim against them and the grounds upon which it rests." *Simpson v. Jones*, 460 So.2d 1282, 1285 (Ala. 1984); *see also Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986).

Although the complaint need not expressly state that CAT 5 was vicariously liable to the Sprinkles, it must at least give notice of vicarious liability. Here, no such notice was given to CAT 5. The five counts alleged against CAT 5 are for its own actions, not the actions of Johnson or any other party involved in the original case. Count one is a negligence claim based on CAT 5's alleged non-delegable contractual duty to ensure that employees meet safety standards. Count two alleges that CAT 5 was negligent when it hired Johnson without performing a background check and that Johnson was under CAT 5's supervision. Counts three and four allege that CAT 5 negligently trained and supervised Johnson. Finally, Count five alleges that CAT 5 negligently entrusted Johnson with a vehicle. All of these claims are allegations against CAT 5 for its own negligent actions. Therefore, the Sprinkles' complaint does not give notice to CAT 5 that it could be held vicariously liable for any individual's actions and summary judgment was properly granted by the district court to NCIC and ACE.[2]

### B. Duty to Indemnify

---

[2] CAT 5 contends that the state trial court's decision to not grant summary judgment in favor of CAT 5 shows that the state court found that CAT 5 could be held vicariously liable. However, all that the state court's order denying summary judgment stated in its entirety was: "After reviewing all the pleadings and hearing oral argument, this Court finds that there are genuine issues of material fact which preclude the entry of summary judgment." Because CAT 5's motion for summary judgment included arguments regarding vicarious *and* direct liability and the Sprinkles' motion *only* included arguments regarding direct liability, we find the state court's order inconclusive.

6

An insurer's duty to defend and duty to indemnify are separate obligations, and we are not limited to only the complaint and the policy in deciding whether there is a duty to indemnify. *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 498 S.E.2d 782, 785 (Ga. Ct. App. 1998). However, the NCIC and ACE policies state that only parties held vicariously liable for the actions of the insured will be covered by the policies. None of the extrinsic evidence provided by the parties leads us to conclude that CAT 5 could have been held vicariously liable rather than directly liable. Therefore NCIC and ACE did not have a duty to indemnify CAT 5 in the underlying lawsuit, and we affirm the district court.

## V. CMT's Duty to Indemnify

Under Louisiana law, a contract will not be construed to indemnify a party for its own negligent acts "unless such an intention is expressed in unequivocal terms." *Perkins v. Rubicon, Inc.*, 563 So.2d 258, 259 (La. 1990). Section 8.1 of the contract between CMT and CAT 5 states: "The Sub-contractor shall save and hold Contractor . . . harmless against all suits, claims, damages and losses for injuries to persons or property *arising from or caused by errors, omissions or negligent acts of the Subcontractor, . . . or its employees*." (emphasis added). The contract does not unequivocally state that CMT will indemnify CAT 5 for CAT 5's own negligent acts. The Sprinkles' complaint, as stated above, alleged direct

liability claims against CAT 5 and not vicarious liability claims. Therefore, CMT is not required to indemnify CAT 5, and we affirm the district court's grant of summary judgment in favor of CMT.

**VI. Conclusion**

We find that the Sprinkles did not allege that CAT 5 was vicariously liable. The Sprinkles only alleged that CAT 5 was directly liable for its own negligence. Therefore, NCIC and ACE did not have a duty to defend or indemnify CAT 5 and CMT did not have a duty to indemnify CAT 5 under the subcontract.

**AFFIRMED.**