### 45830.   JEFFERSON MILLS, INC. v. GREGSON.

ARGUED JANUARY 11, 1971—DECIDED JUNE 4, 1971—
REHEARING DENIED JUNE 17, 1971.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., Richard W. Stephens,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., John Tye Ferguson,* for appellee.

HALL, Presiding Judge. The issue on this appeal is whether, in the light of *Code Ann.* § 56-408.1, the general release of all claims against the plaintiff, given to his insurer and arising out of his performance on a particular project, bars the defendant from raising failure of performance as a defense to a suit for architectural fees or as the basis of a counterclaim relating to fees. In the absence of a release, of course, this would be a legitimate defense to plaintiff's action. *Collins v. Frazier,* 23 Ga. App. 236 (98 SE 188); 5 Am Jur2d 678, Architects, § 16.

*Code Ann.* § 56-408.1 was enacted to change the Georgia common law rule that an insured was barred from asserting his

own claims if his insurer effected a settlement, even without his consent. *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798). This case, as well as those leading up to it, involved automobile collisions, and it seems likely the legislature had similar occurrences in mind when it enacted the statute.

The case here is surfacely confusing because while the release was given for tort liability, the plaintiff's claim lies in contract or quasi-contract. All the contentions dealing with recoupment further obscure the matter. The real issue is whether a general release of all claims arising out of an occurrence precludes the releasor from defending a releasee's subsequent action by raising his conduct relative to the occurrence.

In other states with a common law rule similar to *Code* § 56-408.1, the issue has apparently never been considered. It has undoubtedly been assumed by all parties that defenses (such as contributory negligence) are as available to a releasor as anyone else. See Fikes v. Johnson, 220 Ark. 448 (248 SW2d 362); Birkholz v. Cheese Makers Mut. Cas. Co., 274 Wis. 190 (79 NW2d 665); Hurley v. McMillan, 268 S. W. 2d 229 (Tex. Civ. App.); U. S. A.C. Transport v. Corley, 202 F2d 8 (5th Circuit applying pre-*Aetna* Georgia law).

It might be helpful to consider a hypothetical situation here. If the architect had been injured when the building under construction collapsed, then under § 56-408.1, the settlement made with the mill without his consent would not have barred him from later bringing a personal injury action against the mill. But, would the release (which was given by the mill in settlement of its damages resulting from the collapse) preclude the mill from defending the personal injury action on the theory that the architect's injuries were proximately caused by his own negligent or incompetent performance in causing a faulty structure to be built? To ask the question is to answer it. The legislature could not have intended to give one party the right to sue and simultaneously bar the other party from defending. The language of the statute which states that the release will bar further assertion of "such claims against all persons" can only refer to affirmative claims based on the occurrence. We will not construe it to include a waiver of all defenses. The result would be unconscionable.

For this reason, while the court did not err in striking defendant's counterclaim (which was the effect of the pre-trial order), it did err in ordering that evidence of plaintiff's professional competence would not be admitted in support of a defense to plaintiff's claim.

*Judgment reversed. Eberhardt, J., concurs. Whitman, J., concurs specially.*

WHITMAN, Judge, concurring specially. I concur in the judgment of reversal only. This is an appeal by the appellant-defendant from a pre-trial order certified for review, the notice of appeal being from the "ruling that the effect of a certain release, a copy of which is attached to said order, is to place a limitation on the issues to be tried in this case and on. the evidence which defendant will be permitted to introduce." The pre-trial order, inter alia, stated "the court is of the opinion that the release, if received into evidence on the trial of the case, would bar the defendant from relying on any claim of lack of professional competence or the exercise of care on the part of the plaintiff [appellee] . . . or damages arising therefrom, as a defense to plaintiff's claim whether by way of showing a failure of consideration or otherwise, or as a basis for the counterclaim set up by the defendant. . . This being so, the defendant cannot now reassert such claims either by way of a direct claim or as setoff or defense to any other claim which the plaintiff might have." Thereupon and predicated thereon the court, by order and judgment stated:

"It is therefore ordered: (1) That the question of the plaintiff's failure to furnish competent professional services or to exercise due care in the preparation of the design and in the preparation of plans and specifications for the mill and in the supervison of the construction thereof will not be an issue on the trial of the case if the release is introduced in evidence, and that evidence to support such issue will not be admitted. (2) The issues to be tried (assuming the release is admitted in evidence) will be: A. Was there a contract between plaintiff and defendant for the payment of compensation for architectural services. B. If there was such a contract, what was the contract. C. If there was no contract, what was the reasonable value of the plaintiff's services."

Appellant's enumeration of errors assigns as error the pre-trial

order, and particularly paragraphs 1 and 2 thereof in six numbered particulars.

I am of the opinion that under and by virtue of *Code Ann.* § 56-408.1, the judgment of reversal in this case is correct, but it is my view that on the trial of the case in the court below the case should be heard factually on the plaintiff's complaint as amended, and the defendant's defenses thereto.