46570.   FOUNDRY SYSTEMS & SUPPLY, INC. et al. v. INDUSTRY DEVELOPMENT CORPORATION.

ARGUED SEPTEMBER 9, 1971—DECIDED OCTOBER 13, 1971.

*Greer & Murray, Kenneth C. Pollock,* for appellants.

*Stack & O'Brien, Edgar A. Neely, III, John Harris Paer,* for appellee.

DEEN, Judge. 1. Whether an accord and satisfaction defense is available depends on the language of the first action and counterclaim, the release, and the affidavits attached to the motion for summary judgment. The language of the release ("The undersigned hereby acknowledge prior receipt of a copy of this release and that it is notice in writing of the lack of consent of the party or parties released hereby") is meaningful only in a third-party release situation such as those arising under *Code Ann.* § 56-408.1 where the consideration for the release is advanced for the benefit of another. This release recites a consideration of $10 and other valuable considerations. Defendants state that the release was executed at the plaintiff's request, and the plaintiff's president made an affidavit to the effect that the release was "taken by Industry Development Corporation." Neither statement is controverted. Accordingly, it must be assumed that the plaintiff did in fact consent to the release.

2. With the language as to lack of consent eliminated the release does little more than accentuate the actions of the parties in dismissing the original suit and counterclaim with prejudice. *With prejudice* in this context means "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause. Pulley v. Chicago, R. I. & P. R. Co., 122 Kan. 269 (251 P 1100)." Black's Law Dictionary, 4th Ed., p. 555. By virtue of the prior dismissals, Industry Development Corp. can bring no further action relating to purchase of goods under a specified purchase order for installation on the premises of the *Mueller Company* only. The defendants are precluded from prosecuting any claim or cause of action relating to injuries and property damage under the facts and circumstances set out in their counterclaim in the first case. As related to this suit, this means they can urge no right of action pertaining to breach of warranty, negligent manufacture, or loss of use of funds due to late delivery of property purchased from the plaintiff for installation on the *Wagner* property. Since the first suit sought no account balance for materials furnished for the Wagner property,

the dismissal did not affect the subject matter of this petition. Neither does the release, which specifically states that the parties thereto (which we have construed to mean Fraser and Foundry Systems & Supply as releasors and Industry Development Corp. as releasee) "are not precluded from further assertion of claims not specifically alleged in the complaint in the civil action above described against the undersigned or others by virtue of this release" and which, of course, also waives, as against the defendants, only those rights of action set out in the previous counterclaim. There has been no settlement of the plaintiff's contractual right of action against the defendants insofar as material furnished for the Wagner premises is concerned. We do not have before us at this point the question raised in *Jefferson Mills v. Gregson,* 124 Ga. App. 96 (183 SE2d 529), as to the extent to which a released tort claim may be given in evidence to prove failure of consideration in a subsequent contract action based on the same transaction and brought by the releasee. In that case the plaintiff was not a party to the release, did not consent to it, and was not affected thereby; the defendant was precluded from counterclaiming for damages but not from defending against the action brought by showing that the plaintiff's services were valueless. In this case the plaintiff's present right of action is expressly excluded from the terms of the release; therefore, it would appear that the same rule might apply.

The trial court properly granted a partial summary judgment for the plaintiff which in effect struck the defenses of accord and satisfaction.

*Judgment affirmed. Pannell, J., concurs. Bell, C. J., concurs in the judgment.*

BELL, Chief Judge, concurring in the judgment. I concur in the judgment but disagree with the discussion in Division 2 of the words "with prejudice." This discussion is, I think, unnecessary to the decision and is obiter. My concurrence in the judgment is designed to assure that this discussion is not binding precedent on this court, as it constitutes only a two judge opinion. This will leave the subject open to some future consideration where it may be appropriate to the case. See *Code Ann.* § 81A-141 (a, b).