A95A2401. CHAPMAN et al. v. AUTO OWNERS INSURANCE COMPANY.
(469 SE2d 783)

RUFFIN, Judge.

Auto Owners Insurance Company ("Auto Owners") sued Robert Chapman d/b/a Chapman Electrical Company ("Chapman") for damages from a fire allegedly caused by Chapman's employees. Chapman moved in limine for the court to dismiss Auto Owners' case or prevent Auto Owners' experts from testifying about certain evidence that Auto Owners destroyed which was essential to Auto Owners' theory of causation. We granted Chapman's petition for interlocutory appeal to determine an issue of first impression: whether the trial court's only means to address the destruction of evidence was to charge the jury that spoliation of evidence raises a rebuttable presumption against the spoliator. Chapman contends the court had the option of dismissing Auto Owners' case or preventing Auto Owners' experts from

testifying about the destroyed evidence. Because we find that in the appropriate circumstances, a trial court may remedy the prejudice from such destruction by dismissing the case or excluding testimony about the evidence, we reverse and remand for a determination as to whether such remedy is warranted in this case.

In late January 1992, a fire occurred at Buckle's hardware store where employees of Chapman Electrical had been working. Auto Owners insured the store and paid over $300,000 for the store's losses. Auto Owners then hired Applied Technical Services ("ATS") to investigate the cause of the fire. An ATS employee removed various wires, circuit breakers, and other electrical parts from the store for testing and gave them to an ATS consultant for testing. On February 3, 1992, Chapman's insurer, American Liberty, wrote ATS requesting inspection of the items ATS removed from the store for its investigation. American Liberty claims it received no response to the request, and ATS contends it offered access to the items contingent upon interviewing Chapman's employees. On March 9, 1992, ATS concluded that the fire was caused because one of Chapman's electricians negligently cut into a live circuit which produced sparks and ignited the surrounding area. On April 5, 1993, the instant action was filed, and ten days later, on April 15, ATS ordered the destruction of wiring, circuit breakers, and other items it removed for testing.

Chapman moved the trial court to either dismiss the lawsuit or preclude Auto Owners' experts from testifying about the destroyed evidence. The court held that under Georgia law, its only option was to charge the jury on the negative presumption created when evidence is spoliated, OCGA § 24-4-22, a remedy Chapman contends is inadequate to ameliorate the prejudice it faces. Chapman cites no Georgia cases and we have found none which address any other remedy available to the trial court when evidence has been destroyed. However, we find persuasive the reasoning in cases from foreign jurisdictions which have upheld the exclusion of testimony about the destroyed evidence in circumstances such as those presented by this case. Those decisions reason that a jury charge is insufficient to counter the prejudice resulting to a party who, because of the destruction of evidence, was unable to put on a full defense of its case.

For example, in *Uniguard Security Ins. Co. v. Lakewood Engineering &c. Corp.*, 982 F2d 363 (9th Cir. 1992), a sailboat burned and Uniguard, the boat's insurer, sued the manufacturer of a space heater which it claimed was responsible for the fire. Uniguard's experts examined the boat and heater, performed tests, and took photographs. Id. at 365. Uniguard then destroyed the heater and sold the boat for salvage. Uniguard later sued the manufacturer of the heater. The trial court found that Uniguard's " 'destruction of key evidence renders a full defense [by the space heater manufacturer] impossible' " and

therefore precluded any testimony from Uniguard's experts. Id. at 368. In upholding the district court's exclusion of Uniguard's evidence, the Ninth Circuit Court of Appeals began by recognizing a trial court's inherent discretion "to make . . . evidentiary rulings conducive to . . . a fair and orderly trial. Within this discretion lies the power[1] to exclude testimony of witnesses whose use at trial would unfairly prejudice an opposing party. [Cit.]" (Punctuation omitted.) Id. See in this regard, *CRS Sirrine v. Dravo Corp.*, 213 Ga. App. 710, 713 (1) (445 SE2d 782) (1994) (trial court has inherent power to control course of case, including excluding relevant evidence if its prejudice outweighs its probative value). The *Uniguard* court went on to hold that because there was no dispute that Uniguard destroyed the evidence and that the defendant was denied the opportunity to inspect that evidence, the trial court was authorized to determine that a rebuttable presumption against Uniguard was insufficient to cure the prejudice. Id. at 369. See also *Headley v. Chrysler Motor Corp.*, 141 FRD 362 (D. Mass. 1991) (appropriate to preclude expert's opinion testimony based on destroyed evidence because opposing party was then prevented from having its own expert investigate cause of fire); *Barker v. Bledsoe*, 85 FRD 545 (W.D. Okla. 1979) (to avoid trial by ambush, court is required to ameliorate advantage gained by destroying evidence and rebuttable presumption insufficient to do so).

Auto Owners contends that exclusion of its expert's testimony is unwarranted because photographs of the destroyed evidence are an adequate substitute for the actual evidence and because the destruction of the evidence was not malicious. Chapman, however, disputed this contention and filed the affidavit of an engineer it hired to investigate the cause of the fire. The affidavit lists ten different tests the engineer would have performed on the wires, circuit breakers, and other parts which were destroyed to rebut Auto Owners' theory of causation. Because the engineer was unable to perform these tests and because the causation opinion the ATS expert rendered is based almost entirely upon his examination and testing of the destroyed evidence, we do not find the photographs of the evidence are an adequate substitute for the original evidence. See *Nally v. Volkswagen of America*, 539 NE2d 1017 (Mass. 1989), in which the Massachusetts Supreme Court held that the physical items themselves, in the precise condition they were in immediately after the incident, would be far more useful and persuasive to the jury than photographs. Id. at 1021. Based on these factors and the fact that it would be unfair to allow an expert to place himself "in the position of being the only expert with

---

[1] The decision in *Uniguard* was predicated upon this inherent power, not Fed. R. Civ. P. 37.

first-hand knowledge of the physical evidence on which expert opinions as to . . . causation may be grounded," the court held the trial court would be authorized to exclude any testimony based on the destroyed evidence. Id. See also *State Farm &c. Co. v. Frigidaire*, 146 FRD 160 (N.D. Ill. 1992) (dismissal of case warranted because photographs of destroyed evidence which supported plaintiff's theory of fire's cause were an inadequate substitute for evidence in its original post-fire condition).

Similarly, in *Northern Assurance Co. v. Ware*, 145 FRD 281 (D. Me. 1993), the court held that although a small amount of evidence from the fire at issue remained, because the defendants were unable to examine the electrical system and other evidence upon which plaintiff's expert buttressed his causation opinion, "[t]he prejudice to constructing a defense . . . cannot really be cured." Id. at 283. Relying on *Headley*, supra, the court considered the following five factors in reaching its decision to exclude testimony about the evidence: (1) whether the defendant was prejudiced as a result of the destruction of the evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the plaintiff acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded. *Ware*, supra. The court precluded the plaintiff's expert from testifying and did so despite the fact that there was no evidence that the destruction was malicious: "This is not a case in which the conduct of a lay person, inexperienced in . . . litigation, has resulted in the destruction of evidence. This is a case brought by an insurance carrier. . . . Insurance companies are no strangers to litigation, and it seems [very] likely that Plaintiff had litigation in mind when, very soon after the fire, it had its own expert examine the site. . . . Knowing what it did [after its investigation], Plaintiff was palpably remiss in *failing to make reasonable arrangements* within the range of possibility to preserve the evidence. . . . It could have made the necessary arrangements to prevent destruction . . . *until a period of time after commencement of [the] suit to afford any diligent defendants an opportunity to [investigate]. . . ."* (Emphases supplied.) Id. at 283-284.

Finally, the court noted that "dismissal should be reserved for cases where a party has maliciously destroyed relevant evidence with the sole purpose of precluding an adversary from examining that relevant evidence." Id. at 282, n. 2.

Based on the foregoing authority, we find that in certain circumstances, allowing the case to proceed or an expert to testify about destroyed evidence which the opposing party is unable to test may result in trial by ambush which cannot be cured by a jury instruction. Accordingly, we conclude that where a party has destroyed evidence which may be material to ensuing litigation, the trial judge may be

authorized to dismiss the case or prevent that party's expert witnesses from testifying in any respect about the evidence. Whether those remedies are warranted in this case is a matter for the trial court to decide. Auto Owners argues they are not warranted because it destroyed the evidence inadvertently. However, the deposition testimony which it cites in support of the contention that the destruction was not intentional is not included in the record. Furthermore, the plaintiff's good or bad faith is an issue for the trial court's consideration. Id. Auto Owners also argues that exclusion of testimony is unwarranted because both parties had access to the evidence in the 14 months that elapsed between the fire and the destruction of the evidence. Compare *Uniguard*, supra. We are not persuaded by this argument because Auto Owners had not yet filed suit during that period of time. However, this is again a matter for the trial court, and we therefore remand for the court's determination as to Auto Owners' good or bad faith, whether it should have made appropriate arrangements to prevent the destruction until a reasonable period of time after it filed suit, and whether the prejudice to Chapman can be cured. *Ware*, supra.

*Judgment reversed and remanded with direction. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 8, 1996.

*Beck, Owen & Murray, Richard L. Collier*, for appellants.
*Barnes, Browning, Tanksley & Casurella, Michael K. Jablonski*, for appellee.