**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2019**

# In the Court of Appeals of Georgia

A18A1679. FRENCH v. PEREZ

RICKMAN, Judge.

In this personal injury case, Ronnie French appeals the trial court's order denying his pre-trial motion for sanctions for the spoliation of evidence. We granted French's application for interlocutory review but now affirm.

The relevant facts are not in dispute. On December 10, 2014, French was a passenger in his sister's vehicle when it collided with a Toyota Corolla operated by Reyes Perez, owned by Perez's wife, and insured by State Farm Fire and Casualty Company. French sustained injuries.[1]

---

[1] Although neither party relied on the accident report at the spoliation hearing, it states that the two vehicles were headed toward each other when French's sister turned left at an intersection and the two vehicles collided. The report states that both French's sister and a witness stated that Perez had a green light at the time. The accident report concludes: "Due to the evidence along with the driver's and witness

On January 21, 2015, Perez's wife appointed State Farm as her attorney-in-fact to sign all papers and documents necessary to secure a Georgia title on the vehicle. On that day, State Farm took possession of the vehicle. Approximately two weeks later, French sent State Farm a notice to preserve any evidence related to the accident, including the damaged car itself and the black box therein. French stipulated that "by the time the letter went out, [Perez] didn't even own the vehicle." There is no evidence that the notice was sent to Perez or his wife, or received by them. Despite the request to preserve, State Farm sold the vehicle the following month.

In November 2016, French filed suit against his sister and Perez alleging that they were both at fault for the collision; he did not name Perez's wife or State Farm as defendants. During the litigation, French dismissed his sister as a defendant, without prejudice. Shortly thereafter, French filed a motion for sanctions against Perez for spoliation arising out of loss of the vehicle. Following a hearing, the trial court denied the motion and a motion for reconsideration, but issued a certificate of immediate review, which this Court granted. For the following reasons, we affirm the trial court.

statements it was determined that [French's sister] was at fault." Consequently, French's sister was issued a traffic citation for an "improper left turn (failure to yield)" as a result of the collision.

Under OCGA § 9-11-37 (b) (2), "a party or an officer, director, or managing agent of a party" may be sanctioned for failure to provide discovery, including spoliation. See, e.g., *Howard v. Alegria*, 321 Ga. App. 178, 185 (2) (739 SE2d 95) (2013). "Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." (Citations and punctuation omitted.) *Bouve & Mohr, LLC v. Banks*, 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005). "[A] trial court has wide discretion in adjudicating spoliation issues, and such discretion will not be disturbed absent abuse." *Phillips v. Harmon*, 297 Ga. 386, 397 (II) (774 SE2d 596) (2015).

1. First, "contemplation of potential liability is not notice of potential litigation." *Kitchens v. Brusman*, 303 Ga. App. 703, 707 (1) (a) (694 SE2d 667) (2010). Thus "the simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation." Id. Here, French made no showing in the trial court that before State Farm acquired the vehicle, Perez "[knew] or reasonably should [have known] that the injured party, the plaintiff, [was] in fact contemplating litigation." *Phillips*, 297 Ga. at 396 (II). Indeed, French never even argued the point. He only argued that Perez was on notice as a result of the letter

3

mailed to State Farm. But it is undisputed that the letter was not sent to Perez or his wife, and, even if it had been, they no longer had possession or control of the vehicle at the time. Thus, Perez can only be found responsible for spoliation if he can be held responsible for State Farm's disposition of the vehicle.

2. "Sanctions for spoliation cannot be applied against a party who did not destroy the evidence when there is no evidence to show that the destroying party was acting at the behest of the party." *Sheats v. Kroger Co.*, 336 Ga. App. 307, 311 (1) (b) (784 SE2d 442) (2016); see also *Boswell v. Overhead Door Corp.*, 292 Ga. App. 234, 235-236 (664 SE2d 262) (2008) (spoliation presumption cannot be used against a party where nothing suggested that the entity that destroyed the evidence did so at the behest of the first party). In other words, sanctions are not warranted unless the third party "acted as the litigant's agent in destroying or failing to preserve the evidence." *Bouve & Mohr*, 274 Ga. App. at 762 (1). An agency relationship exists "wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. And, "[an] agent shall act within the authority granted to him, reasonably interpreted." OCGA § 10-6-21. Here, there is simply no evidence in the record that Perez maintained any authority over disposition of the vehicle after it was transferred to State Farm, and no evidence that

4

he authorized State Farm to destroy the vehicle or that he ratified State Farm's destruction of the evidence.

The dissent attempts to rely on a provision of the policy. But neither the actual insurance policy between the parties nor the declarations page is in the record. French filed an "exemplar" State Farm policy in connection with his motion for reconsideration in the trial court, Although Perez has not objected to this document as representing the terms of an agreement, the absence of the declarations page alone prohibits our use of the policy to resolve the issue before us. The exemplar policy states: "This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and . . . [State Farm]". Thus, it is not even clear whether Perez is a named insured. In fact, he might be considered a "resident relative" of the named insured under the policy, if, in fact, the named insured is Perez's wife, the owner of the car. And the dissent has not determined whether a resident relative of the named insured is also in an agency relationship with State Farm.

Furthermore, the dissent has not shown how the specific language of OCGA § 33-7-12 is not applicable. That Code section refers directly to the language that the dissent relies on:

5

Any provision in a liability policy of insurance which provides that the insurer shall have the right to compromise or settle claims of third persons against the insured without the consent of the insured shall be deemed to create, as between the insurer and the insured, *the relationship of an independent contractor. . . .*

(Emphasis supplied). That Code section was enacted in order to abrogate case law that held that such a clause in an insurance contract made the insurer the insured's agent for the purpose of effecting settlement of claims. See *Brown v. Seaboard Lumber & Supply Co.*, 221 Ga. 35, 37 (142 SE2d 842) (1965).

In an attempt to overcome his own failure to produce evidence of agency, French argues that Perez should be held to have spoliated the evidence because Perez provided no evidence that State Farm *was not* acting as his agent when it received the spoliation letter then disposed of the vehicle. But "where the existence of an agency is relied upon, the burden of proof rests with the party asserting the relationship." *Carter v. Kim*, 157 Ga. App. 418, 418 (277 SE2d 776) (1981); accord *Handy v. DeKalb Med. Center, Inc.*, 298 Ga. App. 82, 83 (679 SE2d 107) (2009). Thus, French's argument is without merit.

*Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539 (469 SE2d 783) (1996), upon which French relies, is distinguishable. In that case, this Court held that "where

6

a party has destroyed evidence which may be material to ensuing litigation, the trial judge may be authorized to dismiss the case or prevent that party's expert witnesses from testifying in any respect about the evidence." Id. at 542-543. Notably, however, *Chapman* did not consider or address the agency relationship between the plaintiff and the investigator who destroyed the evidence; rather, the case addressed what remedies were available for spoliation. Id. Moreover, the facts of *Chapman* show that the plaintiff had hired the investigator who, in the course of the investigation, destroyed key evidence for the case. Id. at 540. No similar evidence was presented here. See *Sheats*, 336 Ga. App. at 311 (1) (b) (affirming the trial court's denial of a motion for sanctions against a defendant where there was no evidence that the defendant directed that the evidence be destroyed). The case of *R. A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 179 (2) (539 SE2d 873) (2000), upon which the dissent relies, also did not examine the question of whether and to what extent an insurer can be considered the agent of the insured with regard to spoliation of a vehicle, and therefore is not controlling.

Given that the record is not even clear as to the identity of the named insured under the policy, or Perez's status under the policy, we are not in a position to decide whether, as a matter of law, State Farm operated as Perez's agent such that Perez, who

7

was not on notice to retain the vehicle, may be punished for spoliation of a vehicle that Perez no longer owned. For the above reasons, we hold that the trial court did not abuse its discretion by denying French's motion for sanctions.

*Judgment affirmed. Markle, J. concurs and McFadden, P. J., dissents.\**

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a)."**

# In the Court of Appeals of Georgia

A18A1679. FRENCH v. PEREZ.

McFADDEN, Presiding Judge, dissenting.

I respectfully dissent from the majority's decision affirming the trial court. State Farm Fire and Casualty Company was acting as defendant Reyes Perez's agent when it sold the car involved in the collision. So I would vacate the trial court's order and remand for further findings.

The undisputed evidence shows that after the collision, the car had been turned over to State Farm. The owner of the car, Perez's wife, signed a power of attorney allowing State Farm to secure a Georgia title on the car. State Farm possessed the car when plaintiff David French sent State Farm a notice to preserve the car and its black box.

Despite French's request, State Farm sold the car the following month. Perez admits in his appellate brief that under the terms of the insurance contract, "State Farm ha[d] the unilateral power to investigate, negotiate, and settle any claim or lawsuit for damages payable under the policy's liability coverage." See *Barnett v. Fullard*, 306 Ga. App. 148, 153 (3) (b), n. 4 (701 SE2d 608) (2010) (acknowledgment of fact in appellate brief "constitutes a binding admission in judicio") In other words, under the insurance contract, Perez, expressly or by implication, authorized State Farm to act for him in the resolution of this claim. See OCGA § 10-6-1 ("The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf.").

OCGA § 33-7-12 has no application to this case. Under subsection (a) of that statute, "a provision [in an insurance policy] which permits the insurer to compromise

claims or defenses of the insured without his consent shall be deemed to create the relationship of an independent contractor." *Mandato & Assoc. v. Sepulveda Masonry*, 303 Ga. App. 438, 439-440 (693 SE2d 620) (2010) (citation, punctuation, and emphasis omitted). The statute "was enacted to change the Georgia common law rule that an insured was barred from asserting his own claims if his insurer effected a settlement, even without his consent."*Jefferson Mills, Inc. v. Gregson*, 124 Ga. App. 96, 97-98 (183 SE2d 529) (1971) (discussing prior version of the statute). The statute is in derogation of the common law and must be strictly construed. *Mandato*, supra, 303 Ga. App. at 440. Here, there has been no settlement. OCGA § 33-7-12 is inapplicable.

State Farm acted for Perez when, with its "unilateral power" pursuant to the insurance contract, it sold the car despite the notice from French. So in this matter, State Farm was acting as Perez's agent. Since State Farm was Perez's agent for the purpose of resolving issues arising from the collision, its disposition of the car can be attributed to him. *Bouve & Mohr, LLC v. Banks*, 274 Ga. App. 758, 762-763 (1) (618 SE2d 650) (2005). See *R.A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 179-183 (2) (539 SE2d 873) (2000) (spoliation sanctions imposed against defendants because defendants' insurance company allowed vehicle to be sold during pendency of suit

3

despite an order to preserve it). See also *Lustre-Diaz v. Etheridge*, 309 Ga. App. 104, 107 (709 SE2d 309) (2011) (acknowledging in dicta that "it is possible and indeed plausible that the [missing] photographs in question were taken by the defendants' insurance company, which could be deemed their agent and support a finding of spoliation"). By disposing of this evidence, State Farm caused consequences for itself and its principal. A defining characteristic of agency is that a principal can suffer the consequences of his agent's actions. OCGA § 10-6-51 ("The principal shall be bound by all the acts of his agent within the scope of his authority. . . .").

So I would vacate the trial court's order and remand for the trial court to determine: "(1) whether [French] was prejudiced as a result of the destruction of the evidence; (2) whether the prejudice [can] be cured; (3) the practical importance of the evidence; (4) whether [State Farm] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence [is] not excluded." *R. A. Siegel Co.*, supra, 246 Ga. App. at 180 (citation omitted).

4