McFadden, Presiding Judge, dissenting.
I respectfully dissent from the majority's decision affirming the trial court. State Farm Fire and Casualty Company was acting as defendant Reyes Perez's agent when it sold the car involved in the collision. So I would vacate the trial court's order and remand for further findings.
The undisputed evidence shows that after the collision, the car had been turned over to State Farm. The owner of the car, Perez's wife, signed a power of attorney allowing State Farm to secure a Georgia title on the car. State Farm possessed the car when plaintiff David French sent State Farm a notice to preserve the car and its black box.
Despite French's request, State Farm sold the car the following month. Perez admits in his appellate brief that under the terms of the insurance contract, "State Farm ha[d] the unilateral power to investigate, negotiate, and settle any claim or lawsuit for damages payable under the policy's liability coverage." See Barnett v. Fullard , 306 Ga. App. 148, 153 (3) (b), n. 4, 701 S.E.2d 608 (2010) (acknowledgment of fact in appellate brief "constitutes a binding admission in judicio") In other words, under the insurance contract, Perez, expressly or by implication, authorized State Farm to act for him in the resolution of this claim. See OCGA § 10-6-1 ("The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf.").
OCGA § 33-7-12 has no application to this case. Under subsection (a) of that statute, "a provision [in an insurance policy] which permits the insurer to compromise claims or defenses of the insured without his consent shall be deemed to create the relationship of an independent contractor." Mandato & Assoc. v. Sepulveda Masonry , 303 Ga. App. 438, 439-440, 693 S.E.2d 620 (2010) (citation, punctuation, and emphasis omitted). The statute "was enacted to change the Georgia common law rule that an insured was barred from asserting his own claims if his insurer effected a settlement, even without his consent." Jefferson Mills, Inc. v. Gregson , 124 Ga. App. 96, 97-98, 183 S.E.2d 529 (1971) (discussing prior version of the statute). The statute is in derogation of the common law and must be strictly construed. Mandato , supra, 303 Ga. App. at 440, 693 S.E.2d 620. Here, there has been no settlement. OCGA § 33-7-12 is inapplicable.
State Farm acted for Perez when, with its "unilateral power" pursuant to the insurance contract, it sold the car despite the notice from French. So in this matter, State Farm was acting as Perez's agent. Since State Farm was Perez's agent for the purpose of resolving issues arising from the collision, its disposition of the car can be attributed to him. Bouve & Mohr, LLC v. Banks , 274 Ga. App. 758, 762-763 (1), 618 S.E.2d 650 (2005). See R.A. Siegel Co. v. Bowen , 246 Ga. App. 177, 179-183 (2), 539 S.E.2d 873 (2000) (spoliation sanctions imposed against defendants because defendants' insurance company allowed vehicle to be sold during pendency of suit despite an order to preserve it). See also Lustre-Diaz v. Etheridge , 309 Ga. App. 104, 107, 709 S.E.2d 309 (2011) (acknowledging in dicta that "it is possible and indeed plausible that the [missing] photographs in question were taken by the defendants' insurance company, which could be deemed their agent and support a finding of spoliation"). By disposing of this evidence, State Farm caused consequences for itself and its principal. A defining characteristic of agency is that a principal can suffer the consequences of his agent's actions. OCGA § 10-6-51 ("The principal shall be bound by all the acts of his agent within the scope of his authority. ...").
So I would vacate the trial court's order and remand for the trial court to determine: "(1) whether [French] was prejudiced as a *800 result of the destruction of the evidence; (2) whether the prejudice [can] be cured; (3) the practical importance of the evidence; (4) whether [State Farm] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence [is] not excluded." R. A. Siegel Co. , supra, 246 Ga. App. at 180, 539 S.E.2d 873 (citation omitted).