# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00691-SCT

*JOSEPH DALE ELLIS, SR.*

*v.*

*TAMMY CUNNINGHAM ELLIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/2020 |
| TRIAL JUDGE: | HON. ROBERT GEORGE CLARK, III |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER A. TABB |
| | ALICIA C. BALADI |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN S. GRANT, IV |
| | JOHN S. GRANT, III |
| ATTORNEYS FOR APPELLEE: | RICK D. PATT |
| | ALICIA C. BALADI |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 03/10/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This matter involves the unsuccessful divorce actions of Tammy Cunningham Ellis (Tammy) and Joseph Dale Ellis, Sr. (Joe). It comes before this Court on appeal of an order of the Chancery Court of Madison County. Favoring Tammy, the order, among other things, distributed marital assets and awarded alimony and attorneys' fees. The chancery court, however, entered this order on January 7, 2020, after it had previously dismissed with prejudice Tammy's complaint for divorce and Joe's counterclaim on January 29, 2019. For

this reason, we hold that the chancery court was without authority to enter the January 7, 2020 order; therefore, we reverse the chancery court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. Tammy and Joe were married on September 24, 1983, in Rankin County, Mississippi. They resided as a couple at their marital home in Madison, Mississippi. During the marriage, they had two children, both of whom are now adults.

¶3. At some point, the marriage disintegrated, and Joe left the marital home and moved to Texas. A year later, on June 6, 2017, Tammy filed for divorce in the Madison County Chancery Court. Tammy alleged that she was entitled to a fault-based divorce on the ground of desertion or, alternatively, on the ground of irreconcilable differences. Joe answered Tammy's complaint for divorce and counterclaimed that he was entitled to divorce on the ground of habitual cruel and inhuman treatment or, alternatively, on the ground of irreconcilable differences.

¶4. Subsequently, the chancery court entered a temporary agreed order that, among other things, placed the marital home on the market for sale. The marital home eventually sold and produced approximately $88,000 in proceeds. Tammy then made an emergency request for those proceeds, citing financial hardship. On October 30, 2018, after considering her request, the chancery court awarded Tammy $16,000. The remaining $69,932.82 was kept in the chancery court's registry. Once the marital home was sold, Tammy moved to Indiana to live with a friend.

¶5. Eventually, the matter came before the chancery court for trial on January 22, 2019. The chancery court bifurcated the trial and heard evidence of grounds for divorce first. After

2

the chancery court heard Tammy's proof, it determined that Tammy's asserted claim for divorce based on the ground of desertion was not corroborated. The chancery court subsequently entered a written judgment on January 29, 2019, and dismissed with prejudice Tammy's complaint.[1] No party challenged or appealed the chancery court's judgment.[2]

¶6. Joe then filed for divorce in Texas on February 11, 2019. Despite being served with process, Tammy did not participate in this litigation at the trial court level. The Texas trial court entered a default judgment of divorce on April 16, 2019, which, among other things, divided the parties' marital assets. This decision favored Joe. Joe's award included items from the marital home held in storage in Mississippi. The Texas trial court also awarded Joe all of the marital home proceeds that remained in the chancery court's registry after Tammy's initial distribution of $16,000.[3]

¶7. While she did not participate before the Texas trial court, Tammy did appeal the Texas judgment of divorce. Tammy argued that the Texas trial court lacked personal jurisdiction over the parties because she has no minimum contacts with Texas. Tammy conceded that

---

[1] Joe's counterclaim was also dismissed with prejudice for his failing to appear at trial and for his failing to present any evidence.

[2] We note that at the end of the January 22, 2019 proceeding, the chancery court ordered the parties to submit briefs on the marital home proceeds issue. Joe contested the right of the chancery court to take such action at that time. In his brief, Joe also referenced the Texas divorce action that he had filed in the interim. On appeal, Tammy uses these facts to underscore her argument that the chancery court has continuing jurisdiction to decide property matters despite the chancery court's later written dismissal of the divorce action with prejudice on January 29, 2019.

[3] With the Texas trial court's judgment in hand, Joe returned to Mississippi and retrieved the items held in storage.

the Texas trial court had jurisdiction to grant the divorce; however, Tammy asserted that it did not have jurisdiction to make any determination as to the distribution of marital property or as to alimony. Ultimately, the Texas Court of Appeals affirmed the Texas trial court's judgment of divorce on September 8, 2020. *Ellis v. Ellis*, No. 05-19-00587-CV, 2020 WL 3496352, at *1 (Tex. App. June 29, 2020). The Texas Court of Appeals reasoned that Tammy waived her arguments on appeal when she failed to participate before the Texas trial court. *Id.*

¶8. Before the Texas Court of Appeals affirmed the judgment of the Texas trial court, Tammy went back to the chancery court in Mississippi and filed several motions, despite the chancery court's dismissal with prejudice of her complaint.[4] Essentially, Tammy sought, among other things, the return of the property Joe had taken from storage, regardless of the Texas trial court award, and an award of all of the remaining proceeds from the marital home. On May 20, 2019, shortly after Tammy filed these motions, she filed another motion specifically requesting that the chancery court order "equitable distribution of the marital

---

[4] These motions are as follows: (1) a motion on April 24, 2019, for replevin of personal property and renewal of request for all equity in the registry of the court; (2) a motion on April 24, 2019, for preliminary and permanent injunction; and (3) a motion on April 26, 2019, for Mississippi Rule of Civil Procedure 11 sanctions against Joe and his attorney and for adjudication of equitable division of the marital estate and alimony.

As we will address below, this cause had already been dismissed; thus, these filings should have been filed in a new action. Specifically, any issues Tammy may have regarding replevin would need to be filed not in chancery court, but in circuit court, county court, or justice court. *See* Miss. Code. Ann. § 11-37-107 (Rev. 2019) ("The action of replevin may be instituted in the circuit or county court of a county or in the justice court . . . .").

4

estate, alimony, attorney's fees, and other relief." Joe moved to dismiss each of Tammy's motions. Joe urged the chancery court to dismiss Tammy's motions because the chancery court lacked subject-matter and personal jurisdiction. Further, Joe argued that the chancery court should afford full faith and credit to the Texas judgment of divorce.

¶9.     On November 13, 2019, the chancery court held a hearing on the motions and heard the testimony of witnesses and the arguments from the parties. The chancery court entered an order on the motions on January 7, 2020. First, the chancery court determined "that the Texas Court did have jurisdiction over the status of the marriage and could grant a divorce; however, financial award—property division and alimony—require personal jurisdiction based on Tammy's minimum contacts with Texas." The chancery court stated that while "Joseph moved from Mississippi to Texas . . . Tammy has never been to Texas since Joseph moved there." The chancery court went on to find that it had personal jurisdiction over the parties and "is authorized to decide all of the issues pled before it."

¶10.    Second, the chancery court divided the marital assets of the parties, made certain financial awards and awarded other relief. The chancery court awarded Tammy: (1) all proceeds from the sale of the marital home totaling $85,932.82, which included her previous allotment of $16,000[5]; (2) Tammy's retirement account; (3) the items held in storage, which Joe had since returned; and (4) Tammy's personal vehicle. The chancery court awarded Joe: (1) Joe's retirement account and (2) Joe's personal vehicle. The chancery court required Joe

_____

[5] Two days after the order was entered, as indicated by an entry on the chancery court's docket, the chancery court mailed to Tammy a check of the remaining proceeds from the sale of the marital home, totaling $69,932.82.

5

to pay Tammy $833.33 per month in periodic alimony and also $20,000 in attorneys' fees. Additionally, Joe was also made responsible for the parties' IRS tax debt.

¶11. Joe filed a posttrial motion challenging the chancery court's order, raising the same jurisdictional and full faith and credit arguments, as well as a res judicata argument. On June 30, 2020, the chancery court denied Joe's posttrial motion. From that denial, Joe appeals.

## ISSUES PRESENTED

¶12. The issues on appeal are whether:

I.    The chancery court lacked subject-matter jurisdiction and personal jurisdiction.

II.   The chancellor erred by not affording full faith and credit to the Texas final decree of divorce.

III.  The chancellor erred by not applying the doctrine of res judicata.

¶13. This Court concludes that the chancery court was without jurisdiction to divide marital assets or make financial awards once it dismissed the divorce. Further, we conclude that the jurisdictional issue is dispositive, and, therefore, we decline to address the full faith and credit or the res judicata arguments as they are moot.[6]

## STANDARD OF REVIEW

¶14. "This Court employs *de novo* review of jurisdictional questions." *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 670 (Miss. 1994). Also, "[a] chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous."

---

[6] We conclude that no "actual controversy" remained between Tammy and Joe once the chancery court dismissed the divorce and, therefore, any further arguments relating to the full faith and credit of the Texas trial court judgment are moot. *Monaghan v. Blue Bell, Inc.*, 393 So. 2d 466, 468 (Miss. 1980).

6

*Sanderson v. Sanderson*, 824 So. 2d 623, 625 (Miss. 2002) (citing *Consol. Pipe & Supply Co. v. Colter*, 735 So. 2d 958, 961 (Miss. 1999)).

**DISCUSSION**

¶15. A dismissal with prejudice means an "adjudication on the merits and final disposition, barring the right to bring or maintain an action on the same claim or cause." *Rayner v. Raytheon*, 858 So. 2d 132, 134 (Miss. 2003) (internal quotation mark omitted) (quoting *Foundry Sys. & Supply, Inc. v. Indus. Dev. Corp.*, 185 S.E.2d 94, 95 (Ga. Ct. App. 1971)). Neither Tammy nor Joe attempted to challenge or appeal the chancery court's order dismissing, with prejudice, the divorce actions. At that point, the chancery court's January 29, 2019 order became final, and the parties were barred from bringing any further action on the same claim or cause. *Id.*

¶16. Despite this, Tammy proceeded to file motions, as noted above, requesting that the chancery court divide marital assets between the parties and award other financial relief. Tammy argues that she could file these motions because the chancery court's January 29, 2019 order was interlocutory, not final or appealable, since there were remaining issues (i.e., the distribution of the proceeds from the sale of the marital home) before the chancery court. For support, Tammy cites *Scally v. Scally*, which states that "[o]nly final judgments are subject to appeal. M.R.C.P. 54(a). A final judgment is one which resolves all issues, and requires no further action by the court." *Scally v. Scally*, 802 So. 2d 128, 130 (Miss. Ct. App. 2001) (citing *Fortune v. Lee Cnty. Bd. of Supervisors*, 725 So. 2d 747, 750-51 (Miss. 1998)).

¶17. However, the January 29, 2019 order was, in fact, final. The only remaining matter

7

was the chancery court's *ministerial* act of returning the proceeds from the sale of the marital home to the parties, which was not a remaining dispute between the parties. The proceeds never lost their status as marital property and should have, absent a separate action by one of the parties, been returned to the parties upon the dismissal, with prejudice, of the divorce petitions. However, as mentioned previously, the parties were barred from bringing any further action in this cause. *Rayner*, 858 So. 2d at 134 (quoting *Foundry Sys. & Supply, Inc.*, 185 S.E.2d at 95). Any further action by the parties "should have simply [been] dismissed . . . for lack of jurisdiction." *Id.* The proceeds, which remained marital assets, should have simply been returned to the parties absent some independent cause of action regarding their distribution.

¶18. Following the filing of Tammy's motions, Joe's motions to dismiss Tammy's filings, and a hearing on these matters, the chancery court entered an order on January 7, 2020 dividing marital assets and making financial awards. This Court, however, has stated multiple times that "[w]here the chancellor denies a divorce, he is without authority to order a division of property." *Smith v. Smith*, 656 So. 2d 1143, 1147 (Miss. 1995) (citing *Gardner v. Gardner*, 618 So. 2d 108, 115 (Miss. 1993)).

¶19. For these reasons, this Court concludes that the chancery court's January 7, 2020 order was made "without authority," since the chancery court had previously dismissed, with prejudice, the divorce actions. *Id.* Therefore, we reverse and render the chancery court's order. It is noted that the proceeds from the sale of the marital home have been disbursed to Tammy. At this point, they still constitute marital property. Any action to recover these funds, or any other property distributed pursuant to the January 7, 2020 order of the chancery

8

court, should be brought in an independent action before a court of competent jurisdiction.[7]

## CONCLUSION

¶20.    The chancery court erred when it determined that it had jurisdiction to divide marital assets and award financial relief after it previously had dismissed the divorce petitions of the parties.  Therefore, we reverse the order of the chancery court dividing marital assets and awarding financial relief and render judgment accordingly.[8]

¶21.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.  KITCHENS, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BEAM, J.; RANDOLPH, C.J., JOINS IN PART.**

**KITCHENS, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

---

[7] We make no finding as to the court of competent jurisdiction.  We note, as relates to Mississippi, there were arguments regarding the residency of the parties as well as res judicata claims related to the Texas decree.  Also, while Joe asserts a full faith and credit argument, he failed to attempt to enroll the Texas trial court judgment in Mississippi.  *See* ***N. Dallas Bank & Tr. Co. v. Mabry***, 271 So. 3d 629, 632 (Miss. Ct. App. 2018) ("To be enforced in Mississippi the foreign judgment must be 'timely and properly enrolled in Mississippi.'" (quoting ***Davis v. Davis***, 558 So. 2d 814, 818 (Miss. 1990)).  Any attempt by Joe to enforce the Texas judgment in the future should be filed in a court of competent jurisdiction.

We do not today rule on the ability of the Madison County Chancery Court to hear any independent action regarding the parties and their claims but merely rule that it lost jurisdiction in this case upon the dismissal of the divorce petitions.  *See* ***Smith***, 656 So. 2d at 1147 (citing ***Gardner***, 618 So. 2d at 115). Any separate cause of action would have to stand on its own merit.

[8] Finally, on appeal, Joe filed three separate motions before this Court: (1) a motion to take judicial notice of other court proceedings; (2) a motion to take judicial notice of the Texas Court of Appeals' decision; and (3) a motion for leave to reply to Tammy's response to Joe's first motion.  We deny each of these motions.

¶22. The Court holds that, once the chancery court dismissed the complaint for divorce and the counterclaim, the trial court lacked authority to take further action by dividing the marital property and awarding other relief in the case. I agree with the Court's decision, but I write separately to point out its inconsistency with *Redd v. Redd (In re Conservatorship of Redd)*, No. 2019-CA-01281-SCT, 2021 WL 5368656 (Miss. Nov. 18, 2021). In *Redd*, the Court affirmed a chancellor's having ordered a case to mediation despite the court's earlier dismissal with prejudice of a conservatorship petition that embodied the only claims that were before the court for decision. *Id.* at \*4. I disagreed because, once the conservatorship petition had been dismissed, no issues remained to be mediated. *Id.* at \*7 (Kitchens, P.J., concurring in part and dissenting in part). I continue to believe that *Redd* was decided wrongly, and I concur fully with today's decision correctly applying the principles of finality.

**BEAM, J., JOINS THIS OPINION. RANDOLPH, C.J., JOINS THIS OPINION IN PART.**